IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BARON MIGUEL HOSKINS,<br><br>Defendant. | Case No. CR08-1001<br><br>ORDER FOR PRETRIAL DETENTION |

On the 8th day of May 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by Attorney Cory Goldensoph.

## RELEVANT FACTS

On April 8, 2008, Defendant Baron Miguel Hoskins was charged by Indictment (docket number 1) with three counts of distribution of crack cocaine. The Defendant has entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 7, 2008.

Dubuque County Deputy Sheriff Dan Richman, who is currently assigned to a drug task force, testified at the instant hearing regarding the three controlled purchases of crack cocaine alleged in the Indictment. On October 8, 2007, a confidential informant ("CI") placed a recorded phone call to Defendant regarding the purchase of crack cocaine. The CI was given a ride to Defendant's residence, entered the residence, and purchased approximately one-half gram of crack cocaine. The CI was "wired" and the transaction was recorded. The CI used preserialized money which was provided by law enforcement. In addition, the CI was searched before and after the transaction.

1

On the following day, October 9, 2007, Defendant was stopped on a routine traffic violation and arrested for an alleged probation violation. Defendant had "a few hundred dollars" on his person, including $40 of preserialized money that was used for the controlled purchase on the prior day. According to Deputy Richman, the same CI made controlled purchases of crack cocaine from Defendant on October 10, 2007 and November 12, 2007, using the same procedure described above. A fourth controlled purchase was made on October 22, 2007, but on that occasion the crack cocaine was handed to the CI by a third party and, therefore, Defendant is not charged for that incident. Defendant was present at his residence, however, when the transaction occurred.

Defendant was initially charged for these events in state court and held in the Dubuque County Jail. Phone calls to and from the jail are recorded and Deputy Richman testified that in early February 2008, Defendant made "admissions" during a phone call. Defendant apparently admitted that he sold crack cocaine "because he was unemployed."

According to the Pretrial Services Report, Defendant is 29 years old, married, and has two children. He has lived with his wife in the Dubuque, Iowa, area since 1996. Defendant has been unemployed since 2006 and has been supported since that time by his wife. Defendant is a regular user of marijuana and an occasional cocaine user.

In 1994, when Defendant was 16 years old, he was tried as an adult in Florida on the charge of "robbery-armed with firearm, 1st degree." While it is somewhat unclear from the Pretrial Services Report, it would appear that Defendant received probation. At age 17, Defendant was charged as an adult in Florida with "homicide--willful kill--weapon--law enforcement officer; assault law enforcement officer; and arrest with violence." Again, Defendant apparently received probation. According to the Pretrial Services Report, a probation violation was filed on January 22, 1996, which Defendant reports resulted from a urine specimen testing positive for illegal drugs. On March 13, 1997, when Defendant was 19 years old, he was arrested in Florida for "attempting to

purchase marijuana." The Pretrial Services Report indicates, however, that Defendant subsequently "fail[ed] to appear."

In 1998, Defendant was convicted in Dubuque County, Iowa, with possession of crack cocaine with intent to deliver. Initially, Defendant received a suspended ten-year prison sentence. In 1999, however, his probation was revoked and he was sent to prison. Also in 1999, Defendant was convicted of two counts of controlled substance violations and one count of delivery of a Schedule II controlled substance. He was sentenced to ten years imprisonment on each charge, apparently to be served concurrently with the 1998 conviction. Defendant was paroled from prison in 2002 and discharged from parole in 2004.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the

3

nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged with three counts of distribution of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851,

and 860. Each of these charges establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant argued that he has strong ties to the community, is unlikely to flee, and his violent offenses and failure to appear are more than ten years old.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.  The time from the Government's oral motion to detain (May 6, 2008) to the filing of this Ruling (May 8, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 8th day of May, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA